IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| REBECCA JOSHU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Number: |
| | ) | |
| FARMERS INSURANCE COMPANY, | ) | Division: |
| Serve:  Director of Insurance | ) | |
|   301 West High Street, Suite 630 | ) | |
|   Jefferson City, Missouri 65102 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW the Plaintiff, Rebecca Joshu, by and through her attorneys, Waltrip & Schmidt, LLC, and more specifically, David G. Waltrip and Nicole A. Hahn, and files with the Court her Petition. In support thereof, Plaintiff states the following:

### Facts Common to All Counts

1. Plaintiff Rebecca Joshu is and was at all times mentioned herein a resident of St. Louis County, Missouri.

2. Defendant Farmers Insurance Company (hereinafter referred to as "Defendant") is a foreign insurance company in good standing doing business in the State of Missouri with the capacity to sue and be sued.

3. Plaintiff's claims and causes of action are based on breach of contract and Plaintiff is not alleging a tort against Defendant.

4. Defendant is a foreign corporation and, therefore, not a resident of this state.

5. Venue is proper in the Circuit Court of the St. Louis City pursuant to Missouri

Revised Statutes Section 508.010(2) as Defendant maintains offices and agents for the transaction of its business in the City of St. Louis.

6. On or about December 13, 2011 at 9:30 p.m., Plaintiff was lawfully operating her vehicle, a 2004 GMC Envoy, traveling eastbound on Chambers Road approaching the intersection of Chambers Road and West Florissant Avenue in the municipality of Dellwood in St. Louis County, Missouri.

7. Upon reaching the intersection of Chambers Road and West Florissant Avenue, Ms. Joshu, the lane of traffic in which Ms. Joshu was proceeding had the green electric traffic light signal and, as such, she proceeded to enter the intersection.

8. Plaintiff was traveling under the posted speed limit of thirty-five (35) miles per hour when she was struck by Ms. Sharon Thomas. Ms. Thomas while driving approximately forty (40) miles per hour in a thirty-five (35) miles per hour zone, was attempting to make a left turn from westbound Chambers Road onto southbound West Florissant Avenue when she failed to yield or stop for oncoming traffic and drove directly into oncoming eastbound Chambers Road traffic, striking the vehicle of Plaintiff.

9. Ms. Thomas, in operating the vehicle as described herein, had a duty to exercise the highest degree of care and had a duty to follow the rules of the road as established by statute and the common law of the State of Missouri.

10. Ms. Thomas breached this duty and was careless and neglected in the following respects, to wit:

    a. Ms. Thomas negligently failed to obey all traffic laws by making an illegal left turn at a red light and failed to exercise ordinary care while driving her motor vehicle;

  b. Ms. Thomas negligently failed to obey all traffic laws by operating her vehicle at an excessive rate of speed under the circumstances then and there existing and failed to exercise ordinary care while driving her motor vehicle;

  c. Ms. Thomas negligently failed to control her vehicle and travel in the proper lane of traffic;

  d. Ms. Thomas failed to keep a careful lookout; and

  e. Ms. Thomas negligently failed to sound a warning of her approach, to slacken speed, swerve or stop before colliding with Plaintiff's automobile after she knew or should have known that the danger of the collision was imminent.

11. That as a direct and proximate result of the negligence of Ms. Thomas, Plaintiff was severely injured including injury to her head, should, neck, back, hands and knees.

12. The negligence of Ms. Thomas has caused Plaintiff to incur substantial medical expenses, and to suffer severe pain, suffering and disability in the past, present and future. Plaintiff has incurred medical expenses to date in excess of Fourteen Thousand Five Hundred Dollars ($14,500.00) and will incur medication expenses in the future for additional care. Plaintiff has further lost wages and income to date and has suffered damage to her personal property.

### Count I - Underinsured Motorist Benefits

COMES NOW the Plaintiff, and for her first cause of action against the Defendant, states to the Court as follows:

13. Plaintiff restates, re-alleges and re-incorporates the allegations in Paragraphs 1 through 12 as if more fully set forth herein.

14. At all times relevant to this action, there was in full force and effect a policy of insurance, designated as Policy Number 0187174535 in which Defendant had sold to Plaintiff which provided underinsured motorist coverage to Plaintiff.

15. Under the underinsured motorist coverage provisions of the aforesaid policy, defendant must pay its insured all sums to which the insured is legally entitled to recover for damages, injuries and medical expenses incurred as a result of the actions of the owners or operators of underinsured motor vehicles, as that term is used and defined in the insurance policy and Missouri law.

16. At the time of the collision, Ms. Thomas was covered by a policy of liability insurance issued by Farmers Insurance which provided a maximum of Twenty Five Thousand Dollars ($25,000.00) per person in coverage. Farmers Insurance agreed to pay, and has paid, its policy limit on behalf of Ms. Thomas.

17. Plaintiff's settlement with Ms. Thomas and her insurance carrier, Farmers Insurance, was completed with the knowledge and consent of Defendant and complied with all policy terms and conditions.

18. Payment of Ms. Thomas' policy limits has not fully compensated Plaintiff for the damages and injuries she sustained as a direct result of the collision.

19. As such, Ms. Thomas was an underinsured motorist as the term is used and defined in the policy of insurance sold by Defendant to Plaintiff and identified above.

20. Plaintiff is insured under the terms of the policy of insurance issued by Defendant and has complied with all conditions precedent under the terms of the insurance policy in order to recover underinsured motorist benefits.

21. Plaintiff has made a demand that Defendant pay her additional damages from the underinsured motorist coverage afforded by the policy of insurance issued by Defendant, but Defendant has failed and refused to make payment as required by the policy, thereby breaching the contract.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff, Rebecca Joshu, and against Defendant, Farmers Insurance Company, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00); award Plaintiff the costs of her action; and for such other and further relief that this Court deems just, proper and appropriate in these premises.

### Count II - Vexatious Refusal

COMES NOW the Plaintiff, and for her second cause of action against the Defendant, states to the Court as follows:

22. Plaintiff restates, re-alleges and re-incorporates the allegations in Paragraphs 1 through 21 as if more fully set forth herein.

23. Defendant's refusal to pay Plaintiff the benefits she is entitled to receive under the aforementioned policy of insurance is without reasonable cause or excuse.

24. As such, Plaintiff also makes a claim for an additional amount as a penalty not to exceed twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) of the award on the policy, not including interest and ten percent (10%) of the remainder of such award and for an award to Plaintiff of a reasonable sum for attorney's fees, for Plaintiff's costs incurred and expended herein, pursuant to the Missouri Revised Statutes Section 375.420.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff, Rebecca Joshu, and against Defendant, Farmers Insurance Company, for an additional amount as

a penalty, not to exceed twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) of the award on the policy, not including interest and ten percent (10%) of the remainder of such award; for an award of a reasonable sum for Plaintiff's attorney's fees and expense; for Plaintiff's costs; and for such other and further relief that this Court deems just, proper and appropriate in these premises.

Respectfully submitted,

**WALTRIP & SCHMIDT, LLC**

 /S/ DAVID G. WALTRIP
**DAVID G. WALTRIP #35000**
**NICOLE A. HAHN  #58275**
Attorneys for Plaintiff
8151 Clayton Road, Suite, 200
St. Louis (Clayton), Missouri 63117
(314) 727-7755
(314) 880-7755 (Facsimile)
david.waltrip@waltrip.com
nicole.hahn@waltrip.com